IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, successor by merger with Vision Bank, <br><br> Plaintiff, <br><br> v. <br><br> PAUL E. CALLICOAT and WENDY CALLICOAT, <br><br> Serve both at: <br> 3946 Five Mile Rd. <br> Seneca, MO 64865 <br><br> & <br><br> PWJE INVESTMENTS, L.P. <br><br> Serve at Registered Agent: <br> Scott H. Malin, Esq. <br> 7701 Forsyth Boulevard, Suite 500 <br> St. Louis, MO 63105 <br><br> Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff SE Property Holdings, LLC, successor by merger with Vision Bank ("SE Property"), by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint against Defendants Paul E. Callicoat ("Paul"), Wendy Callicoat ("Wendy"), and PWJE Investments, L.P. ("PWJE"), states as follows:

## PARTIES, VENUE, AND JURISDICTION

1. SE Property is a limited liability company organized under the laws of the State of Ohio, is the successor by merger of Vision Bank, and is a wholly owned subsidiary of Park National Corporation, an Ohio citizen.

2. Upon information and belief, Paul and Wendy are citizens of the County of Newton, State of Missouri.

3. PWJE is a limited partnership organized under the laws of the State of Missouri.

4. Upon information and belief, Callicoat Management, LLC, is the general partner of PWJE.

5. Upon information and belief, Paul and Wendy are the members of Callicoat Management, LLC, and limited partners in PWJE.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Paul and Wendy reside in the district and all Defendants are residents of Missouri.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the property that is the subject of this action is situated in the district.

8. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy is in excess of $75,000.00.

## FACTS COMMON TO ALL ALLEGATIONS

9. On or about January 2014, there were a series of transfers of real estate from Paul and Wendy to PWJE, with the deed for each transfer recorded in Newton County.

10. SE Property first learned of these transfers on or about November 2019 and had no reason to know of them prior to this date.

11. Each of these transfers was made "in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration."

12. Specifically, these transfers, which transferred more than four hundred acres of real estate, were:

(a) January 12, 2014, transfer recorded as File #2014-00000278, Book 363 Page 278, the deed for which is attached to this Petition as **Exhibit A**;

(b) January 12, 2014, transfer recorded as File #2014-00000276, Book 363 Page 276, the deed for which is attached to this Petition as **Exhibit B**;

(c) January 29, 2014, transfer recorded as File #2014-00000662, Book 363 Page 660, the deed for which is attached to this Petition as **Exhibit C**;

(d) January 29, 2014, transfer recorded as File #2014-00000661, Book 363 Page 659, the deed for which is attached to this Petition as **Exhibit D**;

(e) January 12, 2014, transfer recorded as File #2014-0000277, Book 363 Page 277, the deed for which is attached to this Petition as **Exhibit E**; and

(f) January 12, 2014, transfer recorded as File #2014-00000275, Book 363 Page 275, the deed for which is attached to this Petition as **Exhibit F**.

13. At the time of each of these transfers, SE Property was a creditor of Paul and Wendy, with their debts evidenced by the following guarantees on loans to Riverwalk, LLC:

(a) Limited Continuing Guaranty executed by Paul Callicoat on March 10, 2005;

(b) Limited Continuing Guaranty executed by Paul Callicoat on May 20, 2006; and

(c) Limited Continuing Guaranty executed by Wendy Callicoat on May 30, 2006.

14. At the time of each of these transfers, Vision Bank was actively pursuing claims for debts owed by Paul and Wendy, in Civil Action No. CV-2009-900085.00, in the Circuit Court of Mobile County, Alabama. A copy of Vision Bank's Complaint is attached to this Petition as **Exhibit G**.

15. In Civil Action No. CV-2009-900085.00, which was filed in 2009, Vision Bank sued both Paul and Wendy individually as guarantors of loans to Bama Bayou, LLC f/k/a Riverwalk, LLC.

16. On November 20, 2019, judgment was entered against Paul and Wendy in Civil Action No. CV-2009-900085.00, and these foreign judgments were registered in the Circuit Court of Newton County, State of Missouri, on November 22, 2019. A copy of the Judgment is attached to this Petition as **Exhibit H**.

17. On information and belief, the transferred real estate is worth in excess of $1,000,000.00.

## COUNT I – FRAUDULENT TRANSFER – RSMo. § 428.024

18. SE Property hereby realleges and incorporates the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19. On information and belief, for each of the January 2014 real estate transfers to PWJE, Paul and Wendy had actual intent to hinder, delay, or defraud SE Property as their creditor. This actual intent was demonstrated, on information and belief, by the following:

(a) Transferring the property to an entity for which Paul and Wendy were insiders;

(b) Transferring the property to an entity through which Paul and Wendy could retain possession or control;

(c) Transferring the property while litigation was pending against Paul and Wendy; and

(d) Transferring the property while Paul and Wendy were insolvent and were not paying their debts as they became due.

20. Moreover, for each of the January 2014 real estate transfers, Paul and Wendy did not receive a reasonably equivalent value in exchange for the property, as evidenced by the $1.00 consideration listed in each deed.

21. At the time Paul and Wendy completed these transactions and did not receive a reasonably equivalent value in exchange for the property, they believed or reasonably should have believed that they would incur debts beyond their ability to pay them as they became due.

22. As such, Paul and Wendy made conveyances or assignments to PWJE that were fraudulent as to SE Property, in violation of RSMo. § 428.024.

23. These January 2014 transfers are voidable pursuant to RSMo. § 428.039.

24. Defendants' actions were wanton, willful, and outrageous actions to shield assets from creditors, therefor punitive damages are warranted.

**WHEREFORE,** SE Property seeks judgment against Defendants Wendy, Paul, and PWJE:

(a) Voiding and setting aside the transfers;

(b) Entering a judgment in favor of SE Property and against Defendants in the amount of the actual value of the transactions;

(c) Directing Defendant PWJE to account for any and all property received by Paul and Wendy under the transfers, and deliver the property to SE Property;

(d) Enjoining Defendants from encumbering, disposing of, or in any way interfering with the transferred property;

(e) Awarding SE Property its attorneys' fees and other costs incurred in this action, plus punitive damages;

(f) Such other and further relief as this Court deems just and proper under the circumstances.

### COUNT II – FRAUDULENT TRANSFER – RSMo. § 428.029

25. SE Property hereby realleges and incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

26. At the time of each January 2014 transfer, SE Property was a creditor of Paul and Wendy.

27. For each of the January 2014 transfers, Paul and Wendy did not receive a reasonably equivalent value in exchange for the property, as evidenced by the $1.00 consideration listed in each deed.

28. At the time of each January 2014 transfer, Paul and Wendy were insolvent and were not paying their debts as they became due.

29. Each January 2014 transfer was made to PWJE, an insider, who had reasonable cause to believe that Paul and Wendy were insolvent by virtue of Paul and Wendy being the members of the LLC that is the general partner of PWJE and limited partners of PWJE.

30. As such, Paul and Wendy made conveyances or assignments to PWJE that were fraudulent to SE Property, in violation of RSMo. § 428.029.

31. These January 2014 transfers are voidable pursuant to RSMo. § 428.039.

32. Defendants' actions were wanton, willful, and outrageous actions to shield assets from creditors, therefor punitive damages are warranted

**WHEREFORE,** SE Property seeks judgment against Defendants Wendy, Paul, and PWJE:

(a) Voiding and setting aside the transfers;

(b) Entering a judgment in favor of SE Property and against Defendants in the amount of the actual value of the transactions;

(c) Directing Defendant PWJE to account for any and all property received by Paul and Wendy under the transfers, and deliver the property to SE Property;

(d) Enjoining Defendants from encumbering, disposing of, or in any way interfering with the transferred property;

(e) Awarding SE Property its attorneys' fees and other costs incurred in this action, plus punitive damages; and

(f) Such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/*Clayton G. Kuhn*
Clayton G. Kuhn, #55222MO
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
ckuhn@sandbergphoenix.com

and

Sharon L. Stolte, #41133MO
Brett M. Simon, #68395MO
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816-627-5332
816-627-5532 (Fax)
sstolte@sandbergphoenix.com
bsimon@sandbergphoenix.com
*Attorneys for Plaintiff SE Property Holdings, LLC*